## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MID-CONTINENT EXCESS & SURPLUS
INSURANCE COMPANY,

   Plaintiff,

              Case No.

vs.

EXPERIENTIAL SYSTEMS, INC. and KELLY
CHRISTINE LOVEDAY MAHER, conservator
of RILEY MAHER, a minor,

   Defendants.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Mid-Continent Excess & Surplus Insurance Company ("Mid-Continent"), by and through its attorney, Nicole E. Wilinski of Collins Einhorn Farrell PC, and for its Complaint for Declaratory Judgment against Defendants, Experiential Systems, Inc. ("Experiential Systems") and Kelly Christine Loveday Maher ("Ms. Maher"), as conservator of Riley Maher ("Riley"), a minor, states as follows:

### THE PARTIES

1. Mid-Continent is, and at all relevant times has been, a corporation organized under the laws of Delaware with its principal place of business in Tulsa, Oklahoma.  At all relevant times hereto, Mid-Continent was a surplus lines insurer whose policies may be sold throughout the country.

2. At all relevant times hereto, Experiential Systems was a corporation organized under the laws of Michigan with its principal place of business in Lansing, Illinois.

3.      Ms. Maher is the natural mother and duly appointed conservator of Riley, a minor.  At all times relevant hereto, Ms. Maher and Riley were residents of Wayne County, Michigan.

## JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this litigation occurred in this judicial district.

## THE UNDERLYING LAWSUIT

6.      On or about August 16, 2018, Ms. Maher filed a First Amended Complaint against Michindoh Conference Center d/b/a Camp Michindoh and Michindoh Outdoor Education School ("Michindoh"), Jessica Pinkel ("Pinkel"), and Experiential Systems in the Circuit Court of Hillsdale County, Michigan, under case number 18-183-NO ("*Maher* Lawsuit").  (A copy of the *Maher* Lawsuit is attached hereto as **Exhibit A** and incorporated herein by reference.)

7.      The *Maher* Lawsuit alleges that, on March 31, 2015, Riley (age 10) was attending a school camping and field trip and participating in a fifth grade indoor rock climbing exercise with her class.  (Ex. A, ¶ 6.)

8.      The *Maher* Lawsuit further alleges that, after successfully climbing up lane two of Michindoh's 24-foot indoor climbing wall, Riley began to descend the wall.  (Ex. A, ¶ 7.)

9.      The *Maher* Lawsuit alleges that, at some point, Riley became unhooked from the carabineer and climbing rope apparatus attached to her rock climbing harness, causing her to free fall approximately 15 to 20 feet onto an unpadded floor.  (Ex. A, ¶¶ 7, 11.)

10.     The *Maher* Lawsuit further alleges that Riley first fell on her feet, then onto her unprotected head, causing her to suffer "numerous serious, ongoing, and likely permanent injuries, impairments and damages…" (Ex. A, ¶ 7.)

11.     In Count I of the *Maher* Lawsuit, Ms. Maher asserts a claim for ordinary negligence against Michindoh.  (Ex. A, ¶¶ 8-11.)

12.     In Count II of the *Maher* Lawsuit, Ms. Maher asserts a claim for ordinary negligence against Pinkel, an employee of Michindoh.  (Ex. A, ¶¶ 12-15.)

13.     In Count IV of the *Maher* Lawsuit, Ms. Maher asserts a claim for gross negligence and exemplary damages against Michindoh and Pinkel.  (Ex. A, ¶¶ 20-23.)

14.     In Count V of the *Maher* Lawsuit, Ms. Maher asserts a *respondeat superior* and vicarious liability claim against Michindoh.  (Ex. A, ¶¶ 24-26.)

15.     Counts III and VI of the *Maher* Lawsuit are the only counts asserted against Experiential Systems.  (Ex. A.)

16.     In Count III of the *Maher* Lawsuit, Ms. Maher asserts a claim for ordinary negligence against Experiential Systems.  (Ex. A, ¶¶ 16-19.)

17.     Specifically, Count III the *Maher* Lawsuit alleges that Experiential Systems owed a legal duty of ordinary care to ensure Riley's safety.  (Ex. A, ¶ 17.)

18.     Count III of the *Maher* Lawsuit alleges that Experiential Systems breached that duty by: (1) carelessly and improperly training Michindoh's employees, and (2) carelessly and improperly selecting equipment to be used by Michindoh at its indoor rock climbing wall, including the selection of an improper carabineer and deciding not to recommend that Michindoh use floor mats and safety helmets as a part of Riley's rock climbing activities.  (Ex. A, ¶ 18.)

3

19.     Count III of the *Maher* Lawsuit further alleges that, as a direct and proximate result of Experiential Systems' negligence, Riley suffered a 15 to 20 foot fall, first on her feet and then onto her unprotected head and body on an unpadded floor.  (Ex. A, ¶ 19.)

20.     Count III of the *Maher* Lawsuit alleges that Riley suffered serious injuries, including: (1) traumatic brain injury, including a loss of consciousness and memory loss; (2) post-traumatic headaches; (3) ongoing severe depression; (4) suicidal thoughts and ideations; (5) extreme fatigue; (6) nausea; (7) photophobia and phonophobia; (8) chronic pain syndrome; (9) traumatic vertebral body spinal compression fractures; (10) numbness in her legs; (11) comminuted fracture through the posterior right calcaneus; (12) left foot second metatarsal transverse displaced fracture; (13) left foot third metatarsal transverse displaced fracture; (14) additional tiny, ossific traumatic fragments, likely fractures, along the medial cuneiform; (15) inpatient open reduction and internal fixation of the right calcaneus fracture under general anesthesia with two 4.5 mm screws; (16) closed treatment without manipulation of the 2nd and 3rd metatarsal neck fractures; (17) traumatic right leg injury and swelling; (18) traumatic left leg injury and swelling; (19) traumatic left ankle injury and swelling; (20) ongoing inability to walk and run normally; (21) permanent disfiguring scarring to her right foot/heel; (22) traumatic injury to the right wrist; (23) traumatic injury to tongue with bleeding from mouth; (24) traumatic right lower eyelid tenderness and swelling; (25) loss of everyday normal life activities from a school, play, social, family, personal, and recreational standpoint; (26) inability to attend public school for the indefinite future; (27) use of prescribed narcotic pain medication at age 10; (28) physical pain and suffering; (29) fright; (30) shock; (31) embarrassment; (32) medical expenses, past, present, and future; (33) medical treatment, past, present, and future; (34) loss of

future earnings and/or earnings capacity; (35) loss of future household services; and (36) other damages.  (Ex. A, ¶ 19.)

21.     In Count VI of the *Maher* Lawsuit, Ms. Maher asserts a claim for *respondeat superior* and vicarious liability as to Experiential Systems.  (Ex. A, ¶¶ 27-29.)

22.     Specifically, Count VI of the *Maher* Lawsuit alleges that, at all relevant times, Experiential Systems' employees, agents, and/or servants were acting within the scope of their employment, agency, or servency with Experiential Systems as the employer, principal, or master.  (Ex. A, ¶ 28.)

23.     Count VI of the *Maher* Lawsuit alleges that Experiential Systems is liable for its employees', agent's, or servant's negligent acts or omissions.  (Ex. A, ¶ 29.)

## THE MID-CONTINENT POLICY

24.     Mid-Continent issued a commercial general liability insurance policy to Experiential Systems through policy number 09-SL-000006056 for the policy period of September 16, 2014 to September 16, 2015 ("Policy").  The Policy provides commercial general liability coverage subject to a $1,000,000 limit of liability per occurrence, a general aggregate limit of $2,000,000, and a $5,000 per claim deductible for bodily injury liability and property damage liability combined. (A copy of the Policy is attached hereto as **Exhibit B** and incorporated herein by reference.)

25.     The *Maher* Lawsuit does not seek damages for "personal and advertising injury" as defined in the Policy, and, therefore, Coverage B of the Policy is not germane to this Complaint for Declaratory Judgment.

## COUNT I

## THE POLICY'S "ATHLETIC PARTICIPANTS EXCLUSION" BARS COVERAGE

26.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 25 of its Complaint for Declaratory Judgment as paragraph 26 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

27.     The Policy contains the following exclusion pertaining to athletic participants:

### EXCLUSION – ATHLETIC PARTICIPANTS

This insurance does not apply to **bodily injury** to any person engaged in:

**1.**     Any athletic exercise or sports **activity**; or

**2.**     Managing, coaching or supervising such **activity**

which **you** sponsor or which is conducted on premises **you** own, rent or control.

**"Activity"** as used herein includes travel or activity in the course of travel to or from any destination for the purpose of practicing for or participating in any such athletic, exercise or sports activity.

(*See* Ex. B.)

28.     Here, the *Maher* Lawsuit alleges that Riley suffered serious injury while "participating in a 5th grade indoor rock climbing exercise with her class, being conducted and supervised by" the underlying defendants.  (Ex. A, ¶ 6.)

29.     Specifically, the *Maher* Lawsuit alleges that Riley, "after successfully climbing up lane 2 of Michindoh's indoor rock climbing wall, rang the bell at the top of the 24 foot high wall.  She then started to descend the wall, and immediately became unhooked from the carabiner and climbing rope apparatus attached to her rock climbing harness securing her in the air…"  (Ex. A, ¶ 7.)

30.     To the extent that the *Maher* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Athletic Participants Exclusion" bars coverage under Coverage A of the Policy for the damages alleged in the *Maher* Lawsuit.

31.     Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit.

32.     An actual controversy exists between Mid-Continent, Experiential Systems, and Ms. Maher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

   a.   Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

   b.   Find and declare that the "Athletic Participants Exclusion" bars all coverage under the Policy for the claims asserted in the *Maher* Lawsuit;

   c.   Find and declare that Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit; and

   d.   Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

## THE "CLIMBING GYMS" EXCLUSION BARS COVERAGE

33.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 32 of its Complaint for Declaratory Judgment as paragraph 33 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

34.     The Policy contains the following exclusion pertaining to the management and/or running of climbing gyms:

## EXCLUSION – DESIGNATED ONGOING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTIY COVERAGE PART

## SCHEDULE

**Description of Designated Ongoing Operation(s):**

**ALL OPERATIONS INVOLVING THE MANAGEMENT AND/OR RUNNING OF A ZIP LINE AND/OR CHALLENGE COURSE AND/OR CLIMBING GYMS.**

**Specified Location (if Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted by yourself or for others.

Unless "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

*  *  *

(Hereinafter, the "Climbing Gyms" Exclusion.)

35.     Here, the *Maher* Lawsuit alleges that Riley suffered serious injury while "participating in a 5th grade indoor rock climbing exercise with her class, being conducted and supervised by" the underlying defendants.  (Ex. A, ¶ 6.)

36.     Specifically, the *Maher* Lawsuit alleges that Riley, "after successfully climbing up lane 2 of Michindoh's indoor rock climbing wall, rang the bell at the top of the 24 foot high wall.  She then started to descend the wall, and immediately became unhooked from the carabiner and climbing rope apparatus attached to her rock climbing harness securing her in the air…"  (Ex. A, ¶ 7.)

37.     Because the *Maher* Lawsuit alleges "bodily injury" arising out of the management and/or running of a climbing gym, the "Climbing Gyms" Exclusion bars coverage for the claims asserted in the *Maher* Lawsuit.

38.     Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit.

39.     An actual controversy exists between Mid-Continent, Experiential Systems, and Ms. Maher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b.     Find and declare that the "Climbing Gyms" Exclusion bars all coverage under the Policy for the claims asserted in the *Maher* Lawsuit;

c.     Find and declare that Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit; and

d.     Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III

## THE "TESTING OR CONSULTING ERRORS AND OMISSIONS EXCLUSION" BARS COVERAGE

40.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 39 of its Complaint for Declaratory Judgment as paragraph 40 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

41.     The Policy contains the following exclusion regarding "testing or consulting errors and omissions":

**EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability * * ***

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.**     An error, omission, defect or deficiency in:

    **a.**     Any test performed; or

    **b.**     An evaluation, a consultation or advice given; by or on behalf of any insured

**2.**     The reporting of or reliance upon any such test, evaluation, consultation or advice; or

**3.**     An error omission, defect or deficiency in experimental data or the insured's interpretation of that data.

The exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" or the offense that caused the "personal and advertising injury", involved that which is described in Paragraph **1.**, **2.**, or **3**.

(*See* Ex. B, hereafter, the "Testing or Consulting Exclusion").

42.     Here, the *Maher* Lawsuit alleges that Experiential Systems:

    a.    Carelessly and improperly trained Defendant Michindoh's employees;

    b.    Carelessly and improperly selected equipment to be used by Defendant Michindoh at its rock climbing wall, including but not limited to:

        i.    Selecting an improper type of carabineer for Defendant Michindoh to use at Michindoh's indoor rock climbing wall which was then provided for Riley Maher's use; and

        (ii)    Deciding not to recommend to Defendant Michindoh the use of floor mats and safety helmets as part of Michindoh's and Riley Maher's indoor rock climbing activities."

(*See* Ex. A, ¶ 18.)

43.     As such, the *Maher* Lawsuit arises out of "[a]n evaluation, a consultation or advice given; by or on behalf of [Experiential Systems]", as specifically contemplated by the "Testing or Consulting" Exclusion.  (*See* Ex. B.)

44.      To the extent that the *Maher* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Testing or Consulting" Exclusion bars coverage under Coverage A of the Policy for the damages alleged in the *Maher* Lawsuit.

45.     Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit.

46.     An actual controversy exists between Mid-Continent, Experiential Systems, and Ms. Maher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.   Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b.   Find and declare that the "Testing or Consulting Exclusion" bars all coverage under the Policy for the claims asserted in the *Maher* Lawsuit;

c.   Find and declare that Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit; and

d.   Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV

## THE "INSPECTION, APPRAISAL AND SURVEY COMPANIES EXCLUSION" BARS COVERAGE

47.   Mid-Continent adopts and realleges the allegations in paragraphs 1 through 46 of its Complaint for Declaratory Judgment as paragraph 47 of Count IV of its Complaint for Declaratory Judgment as if fully set forth herein.

48.   The Policy contains the following exclusion regarding "inspection, appraisal and survey companies":

**EXCLUSION – INSPECTION, APPRAISAL AND SURVEY COMPANIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART:

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** * * *

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or

12

"property damage" or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.

(*See* Ex. B., hereinafter referred to as the "Inspection, Appraisal and Survey Exclusion.")

49.     In this case, the *Maher* Lawsuit alleges that Experiential Systems:

    a.     Carelessly and improperly trained Defendant Michindoh's employees;

    b.     Carelessly and improperly selected equipment to be used by Defendant Michindoh at its rock climbing wall, including but not limited to:

        i.     Selecting an improper type of carabineer for Defendant Michindoh to use at Michindoh's indoor rock climbing wall which was then provided for Riley Maher's use; and

        (ii)     Deciding not to recommend to Defendant Michindoh the use of floor mats and safety helmets as part of Michindoh's and Riley Maher's indoor rock climbing activities."

(*See* Ex. A, ¶ 18.)

50.     To the extent that the *Maher* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Inspection, Appraisal and Survey Exclusion" bars coverage under Coverage A of the Policy for the damages alleged in the *Maher* Lawsuit.

51.     Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit.

52.     An actual controversy exists between Mid-Continent, Experiential Systems, and Ms. Maher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b.    Find and declare that the "Inspection, Appraisal and Survey Exclusion" bars all coverage under the Policy for the claims asserted in the *Maher* Lawsuit;

c.    Find and declare that Mid-Continent has and had no duty under the Policy to defend Experiential Systems against the *Maher* Lawsuit, or to indemnify Experiential Systems for any judgment or settlement entered in the *Maher* Lawsuit; and

d.    Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT V

## THE "COVERAGE C EXCLUSION" BARS COVERAGE FOR MEDICAL PAYMENTS

53.    Mid-Continent adopts and realleges the allegations in paragraphs 1 through 52 of its Complaint for Declaratory Judgment as paragraph 53 of Count V of its Complaint for Declaratory Judgment as if fully set forth herein.

54.    The Policy contains the following exclusion regarding medical payments under Coverage C of the Policy:

### EXCLUSION – COVERAGE C – MEDICAL PAYMENTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Description And Location Of Premises Or Classification:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any premises or classification shown in the Schedule:

**1.**    Section **I** – Coverage **C** – Medical Payments does not apply and none of the references to it in the Coverage Part apply; and

14

**2.**     The following is added to Section **I** – Supplementary Payments:

    **h.**     Expenses incurred by the insured for first aid administered to others at the time of an accident for "bodily injury" to which this insurance applies.

(*See* Ex. B, hereinafter referred to as the "Coverage C Exclusion.")

55.     The *Maher* Lawsuit addresses, among other things, "medical expenses, past present and future" as well as "medical treatment, past, present and future…"  (*See, e.g.,* Ex. A, ¶¶ 19.)

56.     To the extent that the *Maher* Lawsuit seeks medical payments under Coverage C, such payments are expressly excluded per the plain language of the Policy.

57.     An actual controversy exists between Mid-Continent, Experiential Systems, and Ms. Maher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

    a.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

    b.     Find and declare that the "Coverage C Exclusion" bars all coverage under the Policy for medical payments sought in the *Maher* Lawsuit;

    c.     Find and declare that Mid-Continent has and had no duty to indemnify Experiential Systems for any judgment or settlement regarding medical payments in the *Maher* Lawsuit; and

    d.     Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

**COUNT VI**

**THE "DEFENSE COSTS ENDORSEMENT" ENTITLES MID-CONTINENT TO RECOUP THE DEFENSE COSTS IT HAS INCURRED IN DEFENDING EXPERIENTIAL SYSTEMS IN THE *MAHER* LAWSUIT**

58.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 57 of its Complaint for Declaratory Judgment as paragraph 58 of Count VI of its Complaint for Declaratory Judgment as if fully set forth herein.

59.     The Policy contains the following endorsement concerning recoupment of defense costs:

**ILLINOIS CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

* * *

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

A.     The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

   1.     Section I of the Commercial General Liability * * *

* * *

B.     If we initially defend an insured ("insured") or pay for an ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

   The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

(*See* Ex. B, hereinafter referred to as the "Defense Costs Endorsement.")

60.     Mid-Continent is currently defending Experiential Systems in the *Maher* Lawsuit under a reservation of rights.

16

61. To the extent that this Court determines that the claims asserted in the *Maher* Lawsuit are not covered under the Policy, Mid-Continent is entitled to recoupment of the defense costs incurred in the defense of Experiential Systems in the *Maher* Lawsuit.

62. An actual controversy exists between Mid-Continent, Experiential Systems, and Ms. Maher, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b. Find and declare that the "Defense Costs Endorsement" entitles Mid-Continent to recoupment of the defense costs it has incurred in its defense of Experiential Systems in the *Maher* Lawsuit;

c. Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

Respectfully submitted,

COLLINS EINHORN FARRELL PC


*s/ Nicole E. Wilinski*
*Attorneys for Mid-Continent Excess & Surplus Insurance Company*
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
Dated: June 6, 2019                    nicole.wilinski@ceflawyers.com